**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HEATHER N. MCCOMBS, D.P.M., LLC, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CAYAN LLC d/b/a CAPITAL BANKCARD, and WELLS FARGO BANK, N.A.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:15-cv-10843<br><br>Honorable Thomas M. Durkin |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Cayan LLC d/b/a Capital Bankcard and Wells Fargo Bank, N.A. (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff Heather N. McCombs, D.P.M., LLC's ("Plaintiff") Amended Complaint [ECF # 22] as follows:

1. Defendants admit that Plaintiff purports to bring a claim for monetary and injunctive relief against Defendants for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), on behalf of itself and a putative class, and that Plaintiff claims it received the fax attached as Exhibit A to the Amended Complaint. Defendants deny the remaining allegations in Paragraph 1.

2. The allegations in Paragraph 2 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Defendants

deny that this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), as there are no claims in this action other than for alleged violation of the TCPA.

3. The allegations in Paragraph 3 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has personal jurisdiction over them, but deny Paragraph 3's allegations as to the basis for personal jurisdiction and deny the remaining allegations in Paragraph 3.

4. Defendants are without sufficient knowledge or information with which to respond to the allegations in Paragraph 4 of the Amended Complaint. To the extent a response is required, Defendants admit that Plaintiff alleges it received the fax attached as Exhibit A to the Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6. The allegations in Paragraph 6 of the Amended Complaint purport to summarize the terms and conditions of documents that speak for themselves. To the extent a response is required, Defendants neither admit nor deny those allegations and respectfully refer the Court to the Free Equipment Use Agreement and Merchant Processing Application and Agreement included in Exhibit A to the Amended Complaint for the full and complete contents thereof.

7. Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10. The allegations in Paragraph 10 of the Amended Complaint purport to quote and/or summarize 47 U.S.C. § 227(b)(1)(C), and therefore constitute conclusions of law to which no response is required. To the extent a response is required, Defendants neither admit nor deny

those allegations and respectfully refer the Court to the text of 47 U.S.C. § 227(b)(1)(C) for the full and complete contents thereof.

11. The allegations in Paragraph 11 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 of the Amended Complaint purport to quote and/or summarize an Illinois statute, 720 ILCS 5/26-3(b), and therefore constitute conclusions of law to which no response is required. To the extent a response is required, Defendants neither admit nor deny those allegations and respectfully refer the Court to the text of 720 ILCS 5/26-3(b) for the full and complete contents thereof.

13. Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny each and every allegation in the Amended Complaint that they have not expressly admitted, specifically answered or responded to herein.

## PRAYER FOR RELIEF

Defendants admit that Plaintiff purports to seek the relief described in Paragraphs a-g at pages 2-3 of the Amended Complaint, but deny that Plaintiff or any putative class member is entitled to any of the relief sought in the Amended Complaint.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants join in Plaintiff's demand for a trial by jury of any and all issues triable of right by a jury.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The allegations in the Amended Complaint fail to state a claim upon which relief may be granted under the TCPA.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff lacks Article III standing to assert its claim because it has not suffered a concrete injury in fact that is fairly traceable to either of the Defendants' alleged conduct.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Privity)**

Plaintiff's claim fails, in whole or in part, due to a lack of privity between either of the Defendants and Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Proper Class)**

The allegations in the Amended Complaint fail to identify any ascertainable class and fail to meet the requirements for a class action under Federal Rule of Civil Procedure 23.

**FIFTH AFFIRMATIVE DEFENSE**
**(Not a Proper Class Representative)**

Neither Plaintiff nor its counsel can adequately represent any putative class.

**SIXTH AFFIRMATIVE DEFENSE**
**(Conduct Did Not Violate the TCPA)**

The claim asserted in the Amended Complaint fails because the conduct alleged therein does not amount to a violation of the TCPA.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

The putative class claim asserted in the Amended Complaint is barred, in whole or in part, by the TCPA's statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Consent)**

The claim asserted in the Amended Complaint is barred because Plaintiff acknowledged, consented to and/or acquiesced in the alleged acts at issue in the Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**
**(Res Judicata/First-Filed Rule)**

The claim asserted in the Amended Complaint is barred because it is based on the same alleged facts as those alleged in an identical, first-filed action currently pending in the United States District Court for the District of Massachusetts, entitled *South Orange Chiropractic Center, LLC v. Cayan LLC d/b/a Capital Bankcard*, Case No. 1:15-cv-10843-PBS, in which the plaintiff seeks to represent a putative class that includes Plaintiff in this case.

**TENTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

Defendants hereby give notice that they intend to rely on additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserve the right to amend this Answer to assert such additional defenses.

**WHEREFORE**, Defendants pray:

1. That Plaintiff and the putative class take nothing by the Amended Complaint;
2. For costs of suit;
3. For such attorneys' fees as may be allowed by law; and
4. For such other and further relief as the Court deems just and proper.

Dated: March 30, 2017

Respectfully submitted,

*/s/ Christina Guerola Sarchio*

Christina Guerola Sarchio (*pro hac vice*)
Gregory D. Beaman (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Email: csarchio@orrick.com
gbeaman@orrick.com

Michael M. Tannen (#6204635)
Glenn A. Klinger (#6319300)
TANNEN LAW GROUP, P.C.
19 S. LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 641-6650
Email: mtannen@tannenlaw.com
gklinger@tannenlaw.com

*Attorneys for Defendants Cayan LLC d/b/a Capital Bankcard and Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of March 2017, I filed a copy of the foregoing **Defendant's Answer to Plaintiff's Amended Complaint** via the Court's CM/ECF system, thereby causing it to be served upon all counsel of record for Plaintiff.

*/s/Christina Guerola Sarchio*
Christina Guerola Sarchio